

**ZACHARY W. CARTER**
Corporation Counsel

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2661
fax: (212) 356-3509
tzimmerm@law.nyc.gov

December 21, 2017

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    Lewis v. City of New York, et al.
               16-CV-3995 (JMF)

Your Honor:

    I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent Defendants in this matter. This case was recently transferred to me from Beth Hoffman, who has now left the Law Department. Defendants write to request that they be given leave to submit unilateral pretrial materials in light of Plaintiff's failure to cooperate in the preparation of a joint filing sufficiently in advance of the deadline of Friday December 22, 2017. Plaintiff's counsel did not provide any portion of the pretrial submissions until shortly after noon on Thursday December 21st—barely 24 hours before those documents are due. Plaintiff's failure to provide those documents earlier, despite numerous requests and demands by Defendants, has made it impossible for the parties to negotiate joint jury charges, voir dire, or verdict sheets, or integrate their motions *in limine* in time. Defendants therefore request leave to file their own versions of those documents.

    As the Court is aware, and as the docket reflects, there have been numerous unnecessary delays in this case. By order dated November 27, 2017 (docket no. 27), the Court extended the deadline for pretrial filings to Friday December 22nd in light of the change in defense counsel. That same day, Ms. Hoffman emailed Plaintiff's counsel, Ms. Ellie Silverman, Esq., of the Novo Law Firm, to request a deadline by which Plaintiff would provide her share of the pretrial filings. Ms. Hoffman followed up again on November 30th, once again reminding Ms. Silverman of the extensive work that was required to prepare the parties' joint filings. Defense counsel (both Ms. Hoffman and the undersigned) emailed Ms. Silverman numerous times over the next two weeks, repeatedly demanding at least a date certain by which Plaintiff would provide her share of the pretrial filings.

Finally, on Friday December 8th, Ms. Silverman wrote—at the end of a long email about other matters—that she "will have a better idea on Monday [the 11th] re: trial submissions . . . and I will let you know." However, it was not until Tuesday December 12th that Ms. Silverman finally provided a date by which she would produce Plaintiff's portion of the pretrial filings, saying she "intend to get my portion over to you by the end of the day Thursday [the 14th]/early morning Friday [the 15th]" and saying the parties could "reserve time either Monday or Tuesday to go over any potential issues, etc." However, Plaintiff did not provide any portion of the pretrial submissions by that promised date.

Meanwhile, prior to leaving the Law Department, Ms. Hoffman sought to reopen settlement negotiations (largely due to the procedural bind that Defendants are in as a result of Plaintiff's dilatory conduct). Towards that end, Ms. Hoffman obtained reasonable settlement authority, and offered the full extent of that authority to Plaintiff's counsel. That offer was rejected. Following Ms. Hoffman's last day, Plaintiff's counsel contacted the undersigned, and sought to continue the settlement negotiations. Plaintiff's counsel expressed strong interest in settling the case, and represented that they were meeting with their client on Friday December 15th to discuss with her the wisdom of settling. Although no formal request was made, Plaintiff's counsel suggested that the parties not devote substantial effort to pretrial filings in light of the promising progress that had been made towards settlement.

Late in the day on Friday December 15th, defense counsel accepted Plaintiff's counsel's representation that, while she was not there yet, it was very likely that Plaintiff would accept a settlement amount that the parties had previously discussed. Based on that understanding, defense counsel not only suspended his own work on the pretrial filings, he also sought and obtained a substantial increase in settlement authority—nearly doubling the City's prior offer. That authority was granted on Monday December 18th, and that afternoon defense counsel spoke with Ms. Silverman by telephone and confirmed that the previously discussed number was officially on the table. Ms. Silverman said she would immediately contact Plaintiff to obtain her authority to accept the new offer, promising to get back to the undersigned as soon as possible. Once again, Ms. Silverman represented that a settlement would almost certainly be achieved, and requested (or suggested) that the parties continue to defer work on the pretrial submissions. Again, based on her apparent confidence that a settlement would be achieved, defense counsel did not press Ms. Silverman on Plaintiff's portions of the pretrial submissions.

Defense counsel wrote Ms. Silverman on Tuesday morning looking for an update on the prospective settlement, and offered to provide a copy of the City's standard settlement agreement to assist in discussions with her client. Ms. Silverman responded, saying Plaintiff would be coming to her office that afternoon, that Plaintiff's counsel would be "recommending the offer to settle" and that they "are very serious about this settlement negotiation and are continuing to pursue it with the client in good faith." Ms. Silverman promised to get back to defense counsel "immediately" once she had Plaintiff's final position, and accepted the offer to provide the settlement documents. Defense counsel sent the promised documents and remained in the office until 7 p.m. on Tuesday, but did not hear back from Plaintiff's counsel.

Defense counsel emailed Ms. Silverman Wednesday morning, and followed up a few hours later with a phone call. A little after 1 p.m., Ms. Silverman emailed to say she was in a deposition, and promised to get back to defense counsel within one hour. Two hours later,

having heard nothing, defense counsel again emailed Ms. Silverman, reminding her of the looming deadline for pretrial submissions, and demanding a response by 5 p.m.  A short time later, Plaintiff's counsel (both Ms. Silverman and Mr. Ilya Novofastovsky) called to report that Plaintiff had rejected the City's improved offer.[1]  When defense counsel noted the difficult position the parties were in vis-à-vis the pretrial submissions, Plaintiff's counsel suggested that the parties write to jointly request an extension of time, despite the clear language of the Court's previous Order.  Plaintiff's counsel would not commit to a firm deadline for providing Plaintiff's portion of the pretrial materials, and evinced a poor understanding of the scope of what is required by the Court's Individual Rules and Practices.

To avoid any further misunderstanding, defense counsel wrote Ms. Silverman an email at 5:38 p.m. on Wednesday December 20th, listing each and every portion of the pretrial materials or information that Plaintiff must provide, and demanding that the listed items be provided to defense counsel by noon on Thursday December 21st.  Later that evening, Ms. Silverman responded with a vague promise to have someone in her office "send out as much as they can" the next day.  Defense counsel responded, informing Ms. Silverman that her vague promise was not satisfactory.  Defense counsel attached a draft version of this letter, and informed Ms. Silverman that Defendants would file it with the Court if they did not receive Plaintiff's portions of the pretrial materials by noon on Thursday.

Defense counsel heard nothing from Plaintiff's counsel until 12:15 p.m. (fifteen minutes after the stated deadline), when an employee of the Novo Law Firm began emailing defense counsel Plaintiff's versions of the pretrial materials.  Defense counsel has gone over those materials, and has corresponded with Plaintiff's counsel throughout the afternoon and evening.  Defense counsel produced an integrated draft of the JPTO and the parties have exchanged several drafts of that document, but it is not finished yet.  Shortly before 7 p.m. this evening, Ms. Silverman informed us that she is leaving for a vacation tomorrow, and will not be available starting tomorrow afternoon.

The draft documents Plaintiff belatedly provided reveal numerous significant disagreements between the parties regarding the applicable law and the record of the case.  In light of the very limited time remaining before tomorrow's filing deadline, it is not feasible for the parties to successfully debate and resolve all of the issues in order to present joint jury charges, verdict sheet, and proposed *voir dire*, or to integrate their respective motions *in limine* into a single brief.

The lack of adequate time to comply with the Court's rules is entirely a result of Plaintiff's counsel's dilatory conduct in failing to provide Plaintiff's contributions at an earlier date.  Unfortunately, this case is not unique: Plaintiff's counsel has been admonished by other Judges on this Court for similar dilatory conduct.  *See, e.g.*, Letter from Honorable Naomi R. Buchwald, *Jarret Frost v. City of New York, et al.*, No. 15 Civ. 4843 (NRB) (S.D.N.Y. Nov. 27, 2017) (docket no. 59) (noting Plaintiff's counsel's "months of professional neglect.").[2]

---

[1] Plaintiff is demanding an amount 10% over the City's last-best offer.

[2] A copy of Judge Buchwald's letter is annexed to this letter.

- 4 -

Moreover, the undersigned has learned from several attorneys in this Office that similar problems have arisen in other cases involving Ms. Silverman and the Novo Law Firm.

For the foregoing reasons, Defendants respectfully request that they be excused from producing joint versions of the proposed jury charge, verdict sheet, and *voir dire*, and that they also be permitted to submit their own version of those documents as well as their own brief in support of their motions *in limine*.

Defendants thank the Court for its attention to this matter.

                                                           Respectfully Submitted,

                                                           Tobias E. Zimmerman
                                                           *Senior Counsel*
                                                           Special Federal Litigation Division

cc:    NOVO LAW FIRM, P.C.
        Ellie Silverman, Esq. (via ECF)
        *Attorneys for Plaintiff*